# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 20-60956
Summary Calendar

Alonso Juarez-Mendoza; Francisco Juarez-Perez;
Martin Juarez-Perez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 776 999
BIA No. A206 776 901
BIA No. A206 777 000

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Alonso Juarez-Mendoza and his derivative beneficiaries, Francisco-Juarez-Perez and Martin Juarez-Perez, are natives and citizens of Guatemala.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60956

They petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by the Immigration Judge (IJ) of their application for asylum, withholding of removal, and protection under the Convention Against Torture. Juarez-Mendoza argues that the IJ erred in determining that he had not established: that the harm he suffered in the past rose to the level of persecution; that he was harmed on account of membership in a particular social group; that Guatemala was unable or unwilling to control the persons who threatened him; or that he had an objectively reasonable fear of future persecution. He thus maintains that he was entitled to asylum and/or withholding of removal.

We review factual findings for substantial evidence, and legal questions are reviewed de novo. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Among the findings of fact reviewed for substantial evidence is the conclusion that an alien is not eligible for asylum or withholding of removal. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To establish eligibility for asylum, an alien must prove that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). The alien must prove that the protected ground "was or will be at least *one central reason for persecuting* the applicant." *Shaikh*, 588 F.3d at 864 (internal quotation marks and citation omitted). "Although a statutorily protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (internal quotation marks, brackets, and citation omitted).

The record does not compel the finding that a central reason for any harm Juarez-Mendoza suffered in the past or feared in the future was because he belongs to the Quiche indigenous group, rather than for purely economic reasons. *See Shaikh*, 588 F.3d at 864; *Chen*, 470 F.3d at 1134; *see also*, *e.g.*, *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Further, Juarez-Mendoza did not exhaust his alternate proposed particular social group, Quiche business owners, before the IJ; he therefore cannot raise it here. *See* 8 U.S.C. § 1252(d)(1); *Tibakweitira v. Wilkinson*, 986 F.3d 905, 913 (5th Cir. 2021); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191-92 (BIA 2018). Even if we could review the alternate claim, Juarez-Mendoza would not prevail. *See*, *e.g.*, *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

Without the required nexus, substantial evidence supports the denial of asylum and withholding of removal. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349-50 (5th Cir. 2006).

The petition for review is DENIED.